[Civ. No. 9306. Fourth Dist., Div. One. Jan. 29, 1970.]

KATHLEEN P. ELTON, a Minor, etc., Plaintiff and Appellant, v. COUNTY OF ORANGE et al., Defendants and Respondents.

## COUNSEL

Pacht, Ross, Warne, Bernhard & Sears, Harvey M. Grossman, Donahue, Katnik, Katnik & Cunard and Arthur J. Donahue for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, Ball, Hunt, Hart & Brown, Clarence S. Hunt, George C. McCarthy and Thomas A. Ramsey for Defendants and Respondents.

## OPINION

**AULT, J.**—The minor plaintiff, through her guardian ad litem, appeals from an order dismissing her complaint against the defendants, the County of Orange, the Orange County Department of Social Welfare and the Orange County Probation Department, entered after a demurrer to her first amended complaint had been sustained without leave to amend.[1]

██ The complaint seeks damages alleged to have been sustained by the plaintiff who had been declared a dependent child by the juvenile court pursuant to Welfare and Institutions Code section 600. The first cause of action charges general negligence. It alleges defendants Ronald and Carol Horton (not parties to this appeal) applied to the Orange County Depart-

---

[1] Whether the county and its involved departments constitute separate public entities does not affect the issues raised on appeal. We shall discuss the legal questions raised under the theory there is but one entity, the County of Orange, of which the Probation and Social Welfare Departments are integral parts.

ment of Social Welfare for permission to operate a boarding home for minor children adjudicated wards of the juvenile court; the application was investigated by the department as required by the Welfare and Institutions Code and the rules and regulations of the State Department of Social Welfare; the department certified the Hortons as proper persons to care for children and designated their home as a boarding home for that purpose. It further alleges the Orange County Probation Department placed numerous children, including the plaintiff, in the home of the Hortons and the defendants (including the Hortons, the county and its departments) ". . . did so carelessly and negligently place, supervise, entrust, control, maintain and care for the person of the minor plaintiff, that she was struck, battered, bruised, scalded, beaten, and physically and mentally forced to submit to physical and mental atrocities; that as a proximate result thereof she was caused to and did suffer permanent and substantial injury to her mental and physical being."

The second cause of action is premised upon the provisions of Government Code section 815.6,[2] and alleges the county failed to enforce and comply with certain regulations governing dependent children and foster homes enacted and promulgated by the State Department of Social Welfare which resulted in injury to the plaintiff.

The trial court's ruling sustaining the demurrers was predicated on its belief all the acts or omissions of public employees about which the plaintiff complained were not actionable because they were "discretionary acts" and thus immune under the provisions of Government Code section 820.2.[3]

In pertinent part that section provides: ". . . a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." ■ The immunity granted public employees for "discretionary acts" by Government Code section 820.2 is extended to the public entity through Government Code section 815.2, subdivision (b), so that where the public employee is immune the public entity

---

[2]Section 815.6: "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty."

[3]The minute order reads as follows: "The General Demurrers to the first and second causes of action of the first amended complaint are sustained on the ground they do not state facts sufficient to constitute a cause of action against defendant County of Orange (Social Welfare and Probation Department), without leave to amend. It appears to the Court that all the acts alleged by the Probation Department placement of children in foster homes, their subsequent supervision, care, control or maintenance, are all discretionary acts under Government Code 820.2."

is also protected. (Gov. Code, § 815.2, subd. (b); *Sava* v. *Fuller,* 249 Cal. App.2d 281, 284 [57 Cal.Rptr. 312]; *Johnson* v. *State of California,* 69 Cal.2d 782, 787 [73 Cal.Rptr. 240, 447 P.2d 352].)

The trial court's ruling sustaining the demurrers was made before *Johnson* v. *State of California, supra,* 69 Cal.2d 782, was decided by the California Supreme Court. That case makes it clear Government Code section 820.2, upon which the trial court relied, cannot furnish immunity to the county under the facts alleged in either cause of action of plaintiff's first amended complaint. ▮ Immunity is not achieved because the acts complained of are not "discretionary acts" within the meaning of the section.

If the words "the exercise of the discretion" were to be given a broad, literal interpretation, section 820.2 could be invoked to establish immunity from liability for every act and omission of public employees, for, ". . . it would be difficult to conceive of any official act, no matter how directly ministerial, that did not admit of some discretion in the manner of its performance, even if it involved only the driving of a nail." (*Ham* v. *County of Los Angeles,* 46 Cal.App. 148, 162 [189 P. 462].) (See also *Johnson* v. *State of California, supra,* 69 Cal.2d 782, 788.) ▮ Section 820.2 was intended to restate the pre-existing California law, *Sava* v. *Fuller, supra,* 249 Cal.App.2d 281, 284, and ". . . the Legislature has *not* granted immunity from liability for every act or omission following after the exercise of discretion." (*Ibid.* p. 285.)

*Johnson* v. *State of California, supra,* 69 Cal.2d 782 contains a comprehensive analysis of the "discretionary acts" which are clothed with immunity under Government Code section 820.2. The Supreme Court rejected a semantic inquiry into the meaning of discretionary and based its approach on the reason or purpose for granting immunity to the public employee and entity in this area. "In drawing the line between the immune 'discretionary' decision and the unprotected ministerial act we recognize both the difficulty and the limited function of such distinction. As we said in *Lipman* v. *Brisbane Elementary Sch. Dist., supra,* 55 Cal.2d 224, 230 [11 Cal.Rptr. 97, 359 P.2d 465], 'it may not be possible to set forth a definite rule which would determine in every instance whether a governmental agency is liable.' A workable definition nevertheless will be one that recognizes that '[m]uch of what is done by officers and employees of the government must remain beyond the range of judicial inquiry' (citation); obviously 'it is not a tort for government to govern' (citation). Courts and commentators have therefore centered their attention on an assurance of judicial abstention in areas in which the responsibility for *basic policy decisions* has been committed to coordinate branches of government. Any wider judicial review, we believe, would place the court in the unseemly

position of determining the propriety of decisions expressly entrusted to a coordinate branch of government. Moreover, the potentiality of such review might even in the first instance affect the coordinate body's decision-making process." (P. 793.) The court concluded the discretionary acts and omissions of public employees for which section 820.2 provides immunity from liability are only those which involve basic policy decisions.

While the Orange County Probation Department performs functions with respect to dependent children which could be classified as involving basic policy decisions (such as recommending a child be, or not be, declared a dependent child), and hence warrant immunity, it does not follow its subsequent ministerial acts in implementing such decisions rise to the same level. Here plaintiff does not complain that she was made a dependent child. The gravamen of her complaint, in both causes of action, is, after that decision was made, she was negligently placed in a home where she was subject to torture and abuse and negligently maintained, cared for and supervised. ■ Decisions made with respect to the maintenance, care or supervision of plaintiff, as a dependent child, or in connection with her placement in a particular home, may entail the exercise of discretion in a literal sense, but such determinations do not achieve the level of basic policy decisions, and thus do not, under the provisions of Government Code section 820.2, preclude judicial inquiry into whether negligence of public employees was involved and whether such negligence caused or contributed to plaintiff's injuries. (*McCorkle* v. *City of Los Angeles,* 70 Cal.2d 252, 261 [74 Cal.Rptr. 389, 449 P.2d 453]; *Johnson* v. *State of California, supra,* 69 Cal.2d 782, 795-797; *Sava* v. *Fuller, supra,* 249 Cal.App.2d 281, 285-291.)

In *Johnson* v. *State of California, supra,* 69 Cal.2d 782, the Supreme Court also held the public agency must demonstrate its employee in fact consciously exercised discretion in connection with the negligent acts or omissions charged in order to invoke the "discretionary acts" immunity provisions of Government Code section 820.2. "Accordingly, to be entitled to immunity the state must make a showing that such a policy decision, consciously balancing risks and advantages, took place. The fact that an employee normally engages in 'discretionary activity' is irrelevant if, in a given case, the employee did not render a considered decision." (*Ibid.* fn. 8, pp. 794-795.) ■ Such a showing was not and could not have been made by the county at the demurrer stage and the trial court's ruling sustaining the demurrers by reason of the immunity provisions of Government Code section 820.2 was also erroneous for this reason.

While the trial court based its order sustaining the demurrers on the

immunity provisions of Government Code 820.2, respondent correctly urges the ruling should be upheld if it can be sustained on any other ground. It contends the demurrers should be sustained by reason of the immunity provisions of Government Code sections 818.2, 818.4, and 818.6.

Government Code section 818.2 states: "A public entity is not liable for an injury caused by adopting or failing to adopt an enactment or by failing to enforce any law." Respondent contends its negligence, as alleged in the complaint, could be characterized as a failure to enforce a law. Section 818.2 was designed to provide immunity for legislative and quasi-legislative action and to protect the exercise of discretion by law enforcement officers in carrying out their duties. (See Law Revision Com. Comment to Gov. Code, § 818.2.) To apply the section in the manner advocated by respondent would completely eviscerate Government Code section 815.6 which specifically provides for liability of the public entity for injuries resulting from a failure to carry out a mandatory duty imposed by a public enactment. (§ 815.6 of Gov. Code is set out in full in fn. 2.)

Section 818.4 of the Government Code provides: "A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked." Respondent likens its failure to enforce the rules and regulations of the State Department of Social Welfare concerning dependent children and foster homes, alleged in the second cause of action, to a failure to revoke a permit or license and urges immunity under the above section. ■ Plaintiff, however, correctly points out the second cause of action is not grounded on the claim of negligence in the licensing of the foster home involved, but rather on respondent's alleged failure to perform the inspection, supervision and control functions required by the state regulations. Government Code section 818.4 does not provide respondent with immunity for the acts and omissions alleged.

■ Finally, the immunity provisions of Government Code section 818.6 are also inapplicable to the facts alleged by plaintiff. That section provides immunity to the public entity for a failure to make an inspection or for making a negligent inspection of *property* for the purpose of determining whether the *property* violates the law or is hazardous to health or safety. The section deals with inspections of physical property; (See Law Revision Com. Comment to Gov. Code § 818.6; *Sava* v. *Fuller, supra,* 249 Cal. App.2d 281, 292-293); plaintiff complains of the permitted deficiencies of her foster parents and not of the physical inadequacies of her foster home.

 While we do not view the first amended complaint as a model pleading, plaintiff has sufficiently alleged negligence in the first cause of action and a failure to comply with mandatory duties in the second to state a cause of action against respondents in each instance. The uncertainties and ambiguities of the pleading are not before us.

We do not wish our ruling to be interpreted as acceptance of the arguments advanced in appellant's briefs, respondent county may be liable for the acts of the defendant foster parents either under the doctrine of *respondeat superior* or under the theory of non-delegable duties performed by an independent contractor. Such determinations are not necessary to our decision.

The order dismissing the complaint is reversed. The trial court is directed to enter its order overruling the general demurrers to the first and second causes of action of the first amended complaint and permitting respondent to answer within such time as it deems reasonable.

Brown (Gerald), P. J., and Coughlin, J., concurred.