Filed 5/12/25  S.C. v. County of Fresno CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| S.C.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant and Respondent. | F088080<br><br>(Super. Ct. No. 22CECG03629)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Herman Law, Charles Huang and Gregory Glazer, for Plaintiff and Appellant.

Prentice Long, Margaret E. Long and Scott A. McLeran, for Defendant and Respondent.

-ooOoo-

## INTRODUCTION

S.C. filed a lawsuit against Fresno County, alleging that he was sexually abused by a night shift parent while placed in a group foster home as a minor. He claimed the county and its employees were negligent in his placement and supervision and failed to take corrective action or investigate the abuse despite having actual or constructive notice that it was occurring. The trial court sustained the county's demurrer and dismissed S.C.'s first amended complaint as to the first, third, and fifth causes of action without leave to amend, finding the county immune from liability for its employees' discretionary actions. (See Gov. Code,[1] §§ 815.2, subd. (b), 820.2.) For the reasons discussed below, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**The First Amended Complaint**

In approximately 2006, Fresno County (the county) placed S.C. in the KTDA Group Home in Fresno, a licensed foster care facility (the facility). S.C. was 15 or 16 years old at the time. In the span of one month, S.C. was sexually abused approximately 25 to 30 times by Terry McCoy, a night shift parent at the house.

In 2020, McCoy was arrested for sexually abusing a minor. The first amended complaint alleges that McCoy was suspected of abusing many other children over the 20 years prior to his arrest, including during the period that S.C. lived in the group foster home.

The first amended complaint asserted five causes of action, three of which (the first, third and fifth) are relevant to the instant appeal:

1. Negligence by Fresno County.
2. Negligence by the foster care facility.
3. Negligence by the Doe defendants 3-25.

---

[1] All further undefined statutory citations are to the Government Code unless otherwise indicated.

2.

4. Negligent hiring, retention, and/or supervision of McCoy by the facility.
5. Negligent hiring, retention, and/or supervision of McCoy by the Doe defendants 3-25.

The first cause of action alleged both direct and vicarious liability against the county for the acts and omissions of its employees, claiming they breached a duty of care owed to S.C. and directly caused his alleged damages and injuries. The county and its Doe defendants were accused of failing to protect S.C. from sexual assault by McCoy, a KTDA employee, while S.C. was in the facility. Additional allegations included failing to implement corrective measures to safeguard S.C., neglecting to establish policies, procedures, and training aimed at preventing foreseeable sexual abuse in care facilities, and failing to remove S.C. from an unsafe foster care placement.

The third cause of action alleged negligence against Doe defendants 3 through 25 on the grounds that these defendants had actual or constructive notice that S.C. was being sexually assaulted while in foster care, and that the Doe defendants failed to protect S.C. or otherwise make foster care safe for him. S.C. asserted that the Doe defendants demonstrated a reckless or willful disregard for his safety, and that their negligent acts or omissions were the proximate cause of his injuries and damages.

Finally, the fifth cause of action alleged negligence against Doe defendants 3 through 25, asserting that they had "a duty of care in the hiring, retention, training and/or supervision of one or more of their employees, contractors and/or agents." S.C. claims that the Doe defendants knew or should have known that McCoy was unfit or otherwise incompetent for the position he was hired for. S.C. further argues that their failure to exercise reasonable care in hiring, supervising, training, and/or retaining McCoy constituted a breach of their duty of care, directly and proximately causing his injuries and resulting damages.

3.

**The County's Demurrer to the First Amended Complaint**

On August 9, 2023, the county filed a demurrer to the first amended complaint. Regarding the first and third causes of action, which alleged negligence by the county and Doe defendants, the county argued that these claims were time-barred by the statute of limitations under the Tort Claims Act. Similarly, as to the fifth cause of action, which alleged negligent hiring, retention, or supervision by employees of the county, the demurrer asserted that it was also time-barred. The county further contended that S.C.'s claims were impermissibly vague and failed to specify the particular acts or omissions attributable to the county. Lastly, as relevant to the instant appeal, the demurrer argued that governmental immunity applied to the first, third, and fifth causes of action.

**The Trial Court's Ruling on the County's Demurrer**

On April 10, 2024, the trial court issued a tentative ruling sustaining the county's demurrer to the first, third, and fifth causes of action. The court overruled the demurrer to the extent that the county asserted that the claims were not timely presented. Section (m) of section 905 retroactively eliminated claim presentation requirements under section 340.1 "for the recovery of damages suffered as a result of childhood sexual assault." The court further overruled the demurrer to the extent that the county asserted that the plaintiff's claims were ambiguous, uncertain, and failed to state a claim. The court explained, "Although the [first amended complaint] is short on factual allegations, less particularity is required when the information presumptively is within the defendant's knowledge. Liberally construing the [first amended complaint's] allegations, the court overrules the demurrer based on uncertainty."

However, the court sustained the demurrer on the first, third, and fifth causes of action, finding the county immune from liability under governmental immunity. The court explained, in relevant part: "The plaintiff does not allege a social worker failed to

4.

provide specific services mandated by an identified statute or regulation.[2] Under *Becerra* [*v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450] and [*County of Los Angeles v. Superior Court* (2002)  ] *Terrell R.*, the County's employees are immune from liability for their supervision of S.C. while in foster care placement, including the decision not to remove S.C."

The court denied S.C. leave to amend the complaint, concluding that on its face, the first amended complaint showed no reasonable probability that the defects could be remedied.  The court further observed that it had previously granted S.C. leave to amend the complaint, but he had failed to allege any new facts.  Moreover, S.C.'s opposition to the county's demurrer did not propose any additional facts that could overcome the county's immunity defense.

A timely notice of appeal followed.

## DISCUSSION

I.      **S.C. Has Failed to Show That the Trial Court Abused its Discretion in Sustaining the County's Demurrer Without Leave to Amend**

S.C. contends that the trial court erred in sustaining the county's demurrer without granting leave to amend the complaint.  According to S.C., the complaint alleges conduct that is ministerial rather than discretionary and therefore, is not protected by governmental immunity.  Even assuming the defendants' alleged negligent actions and omissions involved discretionary decisions, S.C. further contends that immunity does not apply

---

[2] On appeal, S.C. does not identify any statutes or regulations which the defendants failed to comply with.  The county noted this in their respondent's brief, stating, " 'where a plaintiff sues on the theory that the public entity owed a mandatory duty to prevent injury, the plaintiff must allege the specific *statute* or *regulation* creating the duty, as '[w]ithout this requirement of specificity in pleading, a court would be hard pressed to determine whether the enactment relied upon was intended to impose an obligatory duty to take official action to prevent foreseeable injuries or whether it was merely advisory in character.' (*Lehto v. City of Oxnard* (1985) 171 Cal.App.3d 285, 293.)"  S.C. did not file a reply brief responding to the county's assertion or identifying any duties established by statute or regulation that the defendants failed to fulfill.

unless a county employee engaged in conscious decision making, which was not apparent from the face of the operative complaint. S.C. therefore submits that the court erred by granting the county's demurrer. We find S.C.'s claims unpersuasive.

## A.    *Standard of Review*

On appeal from a judgment after an order sustaining a demurrer, we review the order de novo to determine whether the complaint alleges facts sufficient to state a cause of action under any legal theory.[3] (*Chodosh v. Commission on Judicial Performance* (2022) 81 Cal.App.5th 248, 258.) " '[W]e assume the truth of all facts properly pleaded ... or reasonably inferred from the pleading, but not mere contentions, deductions, or conclusions of law.' " (*New Livable California v. Association of Bay Area Governments* (2020) 59 Cal.App.5th 709, 714.)

When a demurrer is sustained without leave to amend the complaint, we review the court's refusal to allow leave to amend under the abuse of discretion standard. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) "We decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion, and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

## B.    *Relevant Legal Principles:  Vicarious Liability and Government Immunity for Discretionary Acts and Omissions*

Public entity tort liability is exclusively statutory in nature. (§ 815.) "Thus, in California, all government tort liability must be based on statute." (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 785, fn. 2.)

" '[T]he general rule ... that an employee of a public entity is liable for his torts to the same extent as a private person (§ 820, subd. (a)) and the public entity is vicariously

---

[3]  Because we review the correctness of the trial court's ruling, and not its rationale, we do not examine the court's rationale.

liable for any injury which its employee causes (§ 815.2, subd. (a)) to the same extent as a private employer (§ 815, subd. (b)).' " (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 868.)

Correspondingly, the Government Code grants immunity to counties only where the public employee would also be immune. (§ 815.2, subd. (b).) To that end, public employees have personal immunity from lawsuits challenging discretionary acts within the scope of their authority. (See *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 980 (*Caldwell*).) Section 820.2 provides, "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

As relevant here, courts have consistently recognized that "the decisions of child welfare agency employees—regarding determinations of child abuse, the potential risk to a child, placement of a child, removal of a child, and other resultant actions—are subjective *discretionary* ones that are incidental to the employees' investigations." (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 191-192.) Immunity therefore extends even to flawed decisions, including those based on insufficient information or poor judgment. (See *Christina C. v. County of Orange* (2013) 220 Cal.App.4th 1371, 1381.)

The rationale behind this protection was articulated in *Gabrielle A. v. County of Orange* (2017) 10 Cal.App.5th at page 1287: "The law does not grant immunity to social workers because it believes they are perfect, or should never be questioned or called to account for their actions. The law grants them immunity because otherwise they would simply not be able to do their jobs. If every time they removed a child, based on the information they had at the time, they had to fear a lawsuit if they were later proved wrong, the system would be paralyzed and children would be in danger. Nor would we ever find qualified people willing to become social workers under such conditions."

7.

However, not every action requiring a public employee to choose among alternatives implicates the exercise of discretion under section 820.2. (See *Barner v. Leeds* (2000) 24 Cal.4th 676, 684-685.) "[I]mmunity applies only to *deliberate and considered* policy decisions, in which a '[conscious] balancing [of] risks and advantages … took place.' " (*Caldwell*, *supra*, 10 Cal.4th at p. 981, quoting *Johnson v. State of California* (1968) 69 Cal.2d 782.) Thus, "there is no basis for immunizing lower-level, or 'ministerial,' decisions that merely implement a basic policy already formulated." (*Caldwell*, at p. 981.)

### C.    Analysis

Decisions regarding the removal, detention, and placement of children in the foster care system are not " 'administrative acts implementing policy decisions.' " (*Gabriella A. v. County of Orange*, *supra*, 10 Cal.App.5th at p. 1287.) Rather, these decisions not only "involve[] the exercise of analysis and judgment as to what is just and proper under the circumstances" (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1438, disapproved on another ground in *Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 815, fn. 8), they implicate "sensitive policy decision[s] that require[] judicial abstention to avoid affecting a coordinate governmental entity's decisionmaking or planning process." (*Barner v. Leeds*, *supra*, 24 Cal.4th at p. 688.)

Such decisions are therefore regarded as discretionary decisions that are subject to immunity. (See *Jacqueline T. v. Alameda County Child Protective Services* (2007) 155 Cal.App.4th 456, 467 [the preliminary determination regarding whether to investigate reported sexual abuse falls within the scope of discretionary immunity under Gov. Code, § 820.2]; *Becerra v. County of Santa Cruz* (1998) 68 Cal.App.4th 1450 (*Becerra*) [decisions regarding intervention and changes in a child's foster care placement, including the discontinuation of a foster care placement, are just as discretionary as the initial placement decision and are therefore protected by immunity under Gov. Code, § 820.2]; *Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 881 ["social

workers must be absolutely immune from suits alleging the improper investigation of child abuse, removal of a minor from the parental home based upon suspicion of abuse and the instigation of dependency proceedings"]; *County of Los Angeles v. Superior Court* (2002) 102 Cal.App.4th 627, 644-645 (*Terrell R.*) [ "[t]he appropriate degree of supervision of a foster parent, in excess of the visitation schedule mandated by statute or regulation, is a uniquely discretionary activity for which the County social worker and the County are immune"].)[4] Based on the foregoing, we conclude that the county's placement of S.C. in foster care and their decision not to take investigative or corrective action in response to the reported sexual abuse, were discretionary decisions.

S.C. argues that even assuming these decisions were discretionary, there is no indication that they were the result of a reasoned decision-making process. For governmental immunity to apply, the government must also show that its employee made a reasoned decision, " 'consciously balancing risks and advantages. … The fact that an employee normally engages in "discretionary activity" is irrelevant if, in a given case, the

---

[4] We acknowledge that *Terrell R.* has been criticized by the Ninth Circuit Court of Appeals. In *AE ex Rel. Hernandez v. County of Tulare* (9th Cir. 2012) 666 F.3d 631 at page 639, the court stated that *Terrell R.*'s "holding that social workers are immune from liability for all nonmandatory acts erroneously conflated direct and derivative liability by interpreting 'discretionary' literally rather than legally." However, "[d]ecisions of the federal courts of appeal are not binding on this court." (*People v. Seaton* (2001) 26 Cal.4th 598, 653.)

S.C. further contends that our Legislature has "decreed that *Terrell R.* be disregarded and given no effect." He directs this court to Welfare and Institutions Code section 16000.1 to support his claim, which provides, in relevant part: "It is the intent of the Legislature that nothing in the decision of the California Court of Appeal in *County of Los Angeles v. Superior Court of Los Angeles: Real Party in Interest Terrell R.*[, *supra*,] 102 Cal.App.4th 627, shall be held to change the standards of liability and immunity for injuries to children in protective custody that existed prior to that decision." (Welf. & Inst. Code, § 16000.1, subd. (b)(1).) Our conclusion finding that demurrer was properly granted in the instant case remains the same regardless of whether we rely on *Terrell R.* We therefore need not and do not address whether *Terrell R.* was abrogated or disapproved by statute.

employee did not render a considered decision.' " (*D.G. v. Orange County Social Services Agency* (2025) 108 Cal.App.5th 465, 473-474 (*D.G.*), quoting *Johnson v. State of California* (1968) 69 Cal.2d 782, 794, fn. 8.) As our Supreme Court has explained, " '*Johnson* [*v. State of California*] precludes a finding of immunity solely on grounds that "the [affected] employee's *general course of duties* is 'discretionary'…" [citation], and requires a showing that "the specific conduct giving rise to the suit" involved an actual exercise of discretion, i.e., a "[conscious] balancing [of] risks and advantages." ' " (*D.G.*, at pp. 473-474, quoting *Caldwell*, *supra*, 10 Cal.4th at p. 983; see also *Barner v. Leeds*, *supra*, 24 Cal.4th at p. 687 ["although a basic policy decision may be discretionary and thus warrant governmental immunity, subsequent operational actions in the implementation of that basic decision still must face case-by-case adjudication on the question of negligence"].)

Contrary to S.C.'s assertion, discretionary immunity may be decided as a matter of law on demurrer, even in the absence of allegations or evidence that the public employee engaged in a conscious balancing of risks and benefits. (See e.g., *Caldwell*, *supra*, 10 Cal.4th at p. 977.) While a finding of immunity is precluded "solely on grounds that 'the [affected] employee's *general course of duties* is "discretionary" ...' [citation], and requires a showing that 'the specific conduct giving rise to the suit' involved an *actual* exercise of discretion, i.e., a '[conscious] balancing [of] risks and advantages' [citation][,]" ... "a *strictly careful*, *thorough*, *formal*, *or correct* evaluation" is not required. (*Ibid.*) Our Supreme Court explained, "[s]uch a standard would swallow an immunity designed to protect against claims of carelessness, malice, bad judgment, or abuse of discretion in the formulation of policy." (*Id.* at pp. 983-984.)

Here, the first amended complaint alleges that the county and Doe defendants had actual or constructive notice of the sexual abuse, which should have triggered an investigation and corrective action, yet they failed to properly exercise their discretion to take any such measures. However, "claims of *improper* evaluation cannot divest a

discretionary policy decision of its immunity." (*Caldwell*, *supra*, 10 Cal.4th at p. 984, fn. omitted.)[5]

S.C. directs this court to *Elton v. County of Orange* (1970) 3 Cal.App.3d 1053 (*Elton*), to support his assertion that the determination of whether governmental immunity applies is improper at the demurrer stage. However, we find his reliance upon *Elton* unpersuasive.

In *Elton*, the appellate court held that "[d]ecisions made with respect to the maintenance, care or supervision of plaintiff, as a dependent child, or in connection with her placement in a particular home, may entail the exercise of discretion in a literal sense, but such determinations do not achieve the level of basic policy decisions, and thus do not, under the provisions of section 820.2, preclude judicial inquiry into whether negligence of public employees was involved and whether such negligence caused or contributed to plaintiff's injuries." (*Elton*, *supra*, 3 Cal.App.3d at p. 1058.)

*Elton* was however decided years before the law was changed to mandate social workers to engage in discretionary analysis of the needs of dependent children. (See *Becerra*, *supra*, 68 Cal.App.4th at p. 1464.) Moreover, the same court that decided *Elton* later recognized the challenges imposed by its earlier decision.

In *Ronald S. v. County of San Diego* (1993) 16 Cal.App.4th 887 (*Ronald S.*), the same court that decided *Elton* later distinguished its earlier decision, explaining: "We find *Elton* to be a difficult decision. Selecting and certifying a foster home for care of

---

[5] Choosing whether to act, based upon the available evidence, is distinct from determining how that action is carried out. Courts have recognized that a public employee's initial choice to provide a service might be protected as a discretionary decision under section 820.2. However, once the public employee decides to proceed, they can be held civilly liable if they perform their duties negligently—unless those actions involve higher-level policy or planning decisions. (See e.g., *Barner v. Leeds*, *supra*, 24 Cal.4th at p. 688 [even if the decision to appoint a public defender is a discretionary decision, section 820.2 does not immunize a public defender's alleged negligent misrepresentation].) The gravamen of S.C.'s claims implicate the decision of whether to act.

11.

dependent children seems to us to be an activity loaded with subjective determinations and fraught with major possibilities of an erroneous decision. It appears to us that foster home placement, like adoption placement, constitutes an activity of a co-equal branch of government, and that the discretionary decisions made in connection therewith should be deemed beyond the proper scope of court review. However, we need not (and do not) attempt a disapproval or retreat from our court's decision in *Elton*. *Elton* can be distinguished. [¶] The maintenance of a child in a foster home involves an obligation of continued supervision by the County. The child remains a ward of the County. Much of what the County is obligated to do in terms of continued administration of the child's welfare undoubtedly constitutes simple and uncomplicated surveillance which reasonably could be characterized as ministerial. It is understandable, then, that a complaint which in general terms alleges damage from negligent management and supervision of the foster home could be deemed adequate to withstand a general demurrer." (*Ronald S.*, *supra*, at p. 898.)

To the extent that *Ronald S.* suggests that the continued supervision of a minor in foster care could implicate a ministerial act, we do not disagree. However, the decision of whether to take investigative or corrective action in response to reported child abuse falls outside the ambit of routine or "simple and uncomplicated surveillance." (*Ronald S.*, *supra*, 16 Cal.App.4th at p. 898.) Indeed, such decisions are "[no] less 'discretionary' for purposes of immunity of Government Code section 820.2 than the original placement decision." (*Becerra*, *supra*, 68 Cal.App.4th at p. 1466.)

On February 6, 2025, plaintiff's counsel filed a "Letter Providing Supplemental Authority…" with this court, notifying us Division Three of the Fourth Appellate District's recent decision in *D.G.* In *D.G.*, the appellate court addressed whether discretionary immunity was a proper basis for granting summary judgment. (*D.G.*, *supra*, 108 Cal.App.5th at pp. 474-475.) However, the procedural posture of the instant case is distinct from that in *D.G.*

12.

This case was decided on demurrer.  Demurrer tests the legal sufficiency of the complaint (see *Coyne v. Krempels* (1950) 36 Cal.2d 257, 262), whereas summary judgment "establish[es] whether a material issue exists which must be decided by a trier of fact."  (*Lyons v. Security Pacific Nat. Bank* (1995) 40 Cal.App.4th 1001, 1006.)  Accordingly, *D.G.* does not alter our analysis, as the issues before us turn on the legal sufficiency of the complaint rather than the existence of triable issues of fact.

Based on the foregoing, we conclude that S.C. has not shown that the trial court abused its discretion in sustaining the county's demurrer without granting S.C. leave to amend the complaint.  (See *Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.)  Because the county's employees are immune from liability under section 820.2, and the county itself is immune under section 815.2, subdivision (b), the trial court properly sustained the demurrer.

## DISPOSITION

The judgment of dismissal is affirmed.  Costs on appeal are awarded to the county.


SMITH, J.

WE CONCUR:


PEÑA, Acting P. J.


SNAUFFER, J.